WILLIAM C. EGAN, PLAINTIFF, v. JAMES V. HEMINGWAY, ERNEST EVANS AND WILLIAM HEMINGWAY, DEFENDANTS.

Decided March 31, 1932.

For the plaintiff, *Wall, Haight, Carey & Hartpence.*

For the defendants, *Nathan H. Berger.*

BROWN, S. C. C.  The questions submitted for determination are presented on the plaintiff's motion to strike out the defendants' answer as being both sham and frivolous.  The grounds for the motion are not properly pleaded (*National Surety Co.* v. *Mulligan,* 105 *N. J. L.* 336) ; nevertheless, the motion may be considered on either ground if supported by the pleadings or the affidavits.  *Sculthorpe* v. *Commonwealth Casualty Co.,* 98 *Id.* 845.

The suit is brought on two promissory notes; one dated April 9th, 1931, in the sum of $4,000, payable to Dennis Grundy on July 30th, 1931, at the Franklin Trust Company, Paterson, New Jersey, and signed by the defendant James V. Hemingway as maker and endorsed by the other defendants and H. Millan, Jr., and the payee Dennis Grundy.  The other note in the sum of $6,000 is dated June 17th, 1931, payable within ninety days to Millan at the Peoples National

Bank of Belleville, New Jersey. The maker is Grundy and is endorsed by Millan and the other defendants. Both notes were discounted before maturity at the J. Henry Schroder Trust Company of New York City, and were duly presented for payment which was refused and thereupon protested for non-payment.

Both notes were endorsed to the plaintiff after maturity. The making and delivery of the notes as well as the signatures of all parties; the discounting before maturity by the Schroder Trust Company and the due presentment for payment; the refusal to pay and the due protest for non-payment are not denied. The defendants deny that they are liable on the notes and assert as a defense that the plaintiff "having taken the notes after maturity is not a holder in due course" and that the Schroder Trust Company discounted the notes with knowledge of infirmities which are chargeable to the plaintiff.

It is charged in the answer that those infirmities consist in that Millan "conspired" with one Berozza "to falsely and fraudulently represent to the defendants that Berozza had brought in oil wells on lands in Mexico;" which produced oil in large quantities. That if the defendants and Grundy would endorse and deliver the note to Millan "the defendants would acquire valuable royalty rights in said oil wells," and that the proceeds of the notes or one of them would be used to develop the oil lands. It is further asserted that Millan "represented to the defendants that said Berozza was very wealthy and that a note from him payable to defendants would insure the latter against loss in the ventures.

The defendants say they relied upon those representations "without knowledge of their falsity" and executed and delivered the notes to Millan. That one Thomas Shields, a trust officer of the Schroder Trust Company, "assisted" Millan in discounting the notes in the trust company "with full knowledge of the circumstances under which Millan obtained said notes." It is also alleged that since the notes were discounted the defendants have since learned that the Millan "representations" were false and that Shields knew

this before the notes were discounted and that the knowledge of Shields is chargeable to the Schroder Trust Company and renders its title to the notes defective. Another defense asserted is that in November, 1931, the Schroder Trust Company agreed with the defendants that if the latter "would procure" the Samoa Gold Mines Corporation to assume the payment of the notes the defendants were to be relieved of payment.

The affidavit offered by the defendants jointly in support of their contention is singularly silent in not alleging that the defendants were actually deceived or defrauded by Millan or that the oil wells had not been "brought in" or that the defendants had not acquired valuable royalty rights or that the proceeds of the notes were not used as charged.

The affidavit of the defendants fails to show that Millan actually swindled the defendants; it also fails to show that Millan succeeded in swindling the defendants in procuring their signatures to the notes.

It is a well settled rule of law that in pleading fraud the facts relied upon to establish fraud should be set out and that mere allegations of fraud or mere misrepresentation are insufficient. *Connor* v. *Dundee Chemical Works,* 50 *N. J. L.* 258; *Schuler* v. *Southern Iron and Steel Co.,* 77 *N. J. Eq.* 70.

The affidavit of defendants does not disclose a false representation made to them; known to be false by the person making the representation and believed to be true by the defendants and acted upon by them to their disadvantage. This conclusion is evidently supported in part by defendants in their brief for they rest their charge against Shields as "entirely a question of *scienter*" which assertion presents the material part of the defense; that is, whether the Schroder Trust Company's title to the notes is defective because of the alleged knowledge or *scienter,* as it is termed, of Shields. This question must be resolved against the defendants for the reason that they have failed in the affidavit submitted to prove that any fraud or deceit was actually committed to the knowledge of Shields.

While the defendants allege that a fraud was practiced

upon them they fail to furnish proof to support their conclusions. Assuming Shields did have knowledge of the alleged misconduct of Millan, that knowledge is not chargeable against the Schroder Trust Company for Shields in having the notes discounted would be acting to promote his own interest and against the interest of the trust company. In such a situation he would in effect be a stranger to the trust company and his knowledge would not be imputable to it.

Where an officer of a corporation deals with the corporation in a matter in which his interest is opposed to the interest of the corporation he does not in such transaction represent the corporation so as to make his knowledge the knowledge of the corporation. *De Kay* v. *Hackensack Water Co.*, 38 *N. J. Eq.* 158; *First National Bank* v. *Christopher*, 40 *N. J. L.* 435.

The motion to strike the answer will be allowed on the ground that the answer is sham. The plaintiff also moves for summary judgment. As the case now stands there appears no defense to the plaintiff's claim and the making of the note, the receipt of the proceeds and the proper presentation for payment and the non-payment are all conceded. The jurisdiction to grant the motion for summary judgment lies with a Supreme Court justice.